# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **ROGER D. HARRIS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 1:11-CV-732-VEH |
| | ) |
| **CVS CAREMARK** | ) |
| **CORPORATION a/k/a C'S** | ) |
| **PHARMACY,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER

**I.    INTRODUCTION**

Plaintiff, Roger D. Harris, asserted a claim, pursuant to 29 U.S.C. § 623(a)(1) against defendant C'S Caremark Corporation, a/k/a C'S Pharmacy, for wrongful termination because of his age.

The case proceeded to trial[1], and on November 8, 2013, the jury rendered a verdict, finding all of the following from the preponderance of the evidence:

1.    That C'S terminated Mr. Harris because of his age.

2.    That Mr. Harris should be awarded damages in the amount of $400,000.

---

[1] CVS's motion for summary judgment was granted in part but was denied as to this claim. *See* Memorandum Opinion and Order, Doc 58.

and that

    3.    C'S willfully violated the law.

Verdict, Doc. 105.

On November 14, 2013, the court entered final judgment in favor of Mr. Harris and against C'S in the amount of $800,000.

Now before the court is C'S's Renewed Motion for Judgment as a Matter of Law. (Doc. 119).[2] Mr. Harris has filed his Brief in Opposition (doc. 139) and C'S has filed its Reply in Support (doc. 141). Accordingly, the motion is ripe for determination.

## II.    DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW

Federal Rule of Civil Procedure 50(a)(1) states, in pertinent part, that

> [i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
>
> (A)    resolve the issue against the party; and
>
> (B)    grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

Fed. R. Civ. P. 50(a)(1). A motion pursuant to Rule 50(a) "may be made at any time

---

[2] C'S filed a Motion for Judgment as a Matter of Law (doc. 101) at the close of Mr. Harris's evidence, and a Motion for Judgment as a Matter of Law (doc. 101) at the close of all of the evidence. The court, as is its practice, reserved ruling on both motions.

before the case is submitted to the jury," and it must "specify the judgment sought and the law and facts that entitle the movant to the judgment." Fed. R. Civ. P. 50(a)(2).

> If the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. No later than 10 days after the entry of judgment — or if the motion addresses a jury issue not decided by a verdict, no later than 10 days after the jury was discharged — the movant may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59. In ruling on the renewed motion, the court may:
>
> > (1) allow judgment on the verdict, if the jury returned a verdict;
> >
> > (2) order a new trial; or
> >
> > (3) direct the entry of judgment as a matter of law.

Fed. R. Civ. P. 50(b).[3]

The Eleventh Circuit's standard governing Rule 50 motions for judgment as a matter of law is "well established":

> If the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict, granting of the motions is proper. On the other hand, if there is substantial evidence opposed to the motions, that is, evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motions should be denied, and the case submitted to the jury . . . [I]t is the function of the jury as the traditional finder of the facts, and not the Court, to weigh conflicting evidence and inferences, and determine the credibility of witnesses.

---

[3]CVS did not request, in the alternative, a new trial.

*Lipphardt v. Durango Steakhouse of Brandon, Inc.*, 267 F.3d 1183, 1186 (11th Cir. 2001) (quoting *Watts v. Great Atl. & Pac. Tea Co.*, 842 F.2d 307, 309-10 (11th Cir. 1988) (per curiam) (citation omitted)).

C'S argues that Mr. Harris did not present sufficient evidence to discredit all of C'S's reasons for his discharge. C'S's argument regarding liquidated damages is set out in its entirety below.

> There is not enough evidence for the jury to find a willful violation of the ADEA, because Plaintiff has not met the reasons for his discharge. The absence of evidence that age was the "but for" cause of Plaintiff's discharge is also absence of evidence that C'S willfully violated the ADEA.

Doc. 119 at 40.

By omission, C'S concedes that Mr. Harris made out a prima facie case of age discrimination in employment. In essence, C'S argues that the jury had to believe its proffered reasons for Mr. Harris's termination because Mr. Harris's evidence was not sufficient to show that they were pretextual. However, whether or not to believe that a defendant's proferred reasons (whether singularly or considered as a whole) are pretextual is a classic jury issue, especially where, as here, the defendant's proferred reasons were in some instances contradicted by the defendant's contemporaneous documents (whether or not Mr. Harris met specific goals) or were self-contradicting (Mr. Harris should have kept a customer happy by filling a prescription for twice the dosage that the doctor had authorized, so that the customer could save money by

"pill-splitting"; Mr. Harris mistakenly filled a customer prescription at four times the authorized dosage), and, in any event, there was no one action or omission by Mr. Harris that was testified to as being sufficient alone or in conjunction with others as a mandating his termination. Instead, C'S's witnesses testified that all the known acts and omissions were considered in reaching the decision to terminate him. Thus, the decision was inherently subjective, and the jury did not believe that the stated reasons, alone or in combination, were the true reason that Mr. Harris was terminated. Instead, the jury determined that Mr. Harris had proved, by a preponderance of the evidence, "[t]hat C'S terminated Mr. Harris *because of* his age." (Verdict, doc. 105) (emphasis added).

Although the jury could have believed C'S, there was sufficient evidence that the jury could have found C'S's reasons pretextual.  Further, as C'S's entire motion as to willfulness is premised upon there being insufficient evidence to sustain liability, the court necessarily finds that there was sufficient evidence that the jury could have found that C'S's actions were willful.

### III.   CONCLUSION

Accordingly, the Renewed Motion for Judgment as a Matter of Law is due to be, and hereby is, **DENIED**. The stay previously entered in this case regarding post-trial motions remains in effect pending the court's ruling on C'S's Motion Pursuant

to Rule 59 for New Trial or Remittitur (doc. 120).

**DONE** this the 25th day of February, 2014.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge