FILED

2014 May-01  PM 05:12
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

| | |
|---|---|
| **ROGER D. HARRIS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Case No.: 1:11-CV-732-VEH** |
| | ) |
| **CVS CAREMARK** | ) |
| **CORPORATION a/k/a CVS** | ) |
| **PHARMACY,** | ) |
| | ) |
| **Defendant.** | ) |

---

## MEMORANDUM OPINION AND ORDER

### I.    INTRODUCTION

Plaintiff, Roger D. Harris, asserted a claim, pursuant to 29 U.S.C. § 623(a)(1) against defendant CVS Caremark Corporation, a/k/a CVS Pharmacy, for wrongful termination because of his age. The case proceeded to trial[1] and, on November 8, 2013, the jury rendered a verdict, finding all of the following from the preponderance of the evidence:

1.    That CVS terminated Mr. Harris because of his age.

2.    That Mr. Harris should be awarded damages in the amount of $400,000.00.

---

[1] CVS's motion for summary judgment was granted in part but was denied as to this claim. *See* Memorandum Opinion and Order, Doc 58.

and

      3.      That CVS willfully violated the law.

(Doc. 105 at 1-2).

On November 14, 2013, the court entered final judgment in favor of Mr. Harris and against CVS in the amount of $800,000.00.[2] (Doc. 106). On February 24, 2014, the court denied CVS's Renewed Motion for Judgment as a Matter of Law. (Doc. 146).

Now pending before the court is CVS's Motion Pursuant to Rule 59 for New Trial or Remittitur. (Doc. 120). Mr. Harris has filed his Response in Opposition (doc. 140) and CVS has filed its Reply in Support (doc. 142).  Accordingly, the motion is ripe for determination.

## II.    APPLICABLE STANDARDS

### A.    <u>MOTION FOR NEW TRIAL</u>

Federal Rule of Civil Procedure 59 states, in pertinent part, that

(a) In General.

    (1) Grounds for New Trial. The court may, on motion, grant a new trial on all or some of the issues—and to any party—as follows:

---

[2] The court treated all of the damages as back pay, and doubled this award based on the jury's finding of willfulness. While CVS seeks a new trial as to all issues, including willfulness, no party has contested the court's treatment of the damages or that willful age discrimination should result in a doubled back pay award.

> (A) after a jury trial, for any reason for which a new trial has heretofore
> been granted in an action at law in federal court;....

FED. R. CIV. P. 59(a).

Mr. Harris and CVS agree (and the court concurs) that, under Rule 59, a trial

judge "should grant a motion for a new trial when 'the verdict is against the clear

weight of the evidence or will result in a miscarriage of justice, even though there may

be substantial evidence which would prevent the direction of a verdict.'" (Doc. 140

at 6-7 (Brief in Opposition) (citing *Hewitt v. B.F. Goodrich Co.*, 732 F.2d 1554, 1556

(11th Cir. 1984))).

## B.   REMITTITUR

In his briefing on the pending motion, plaintiff accurately set out the standard

for remittitur, with which the court (and apparently defendant) concurs, as follows:

> "In general, a remittitur order reducing a jury's award to the outer limit
> of the proof is the appropriate remedy where the jury's damage award
> exceeds the amount established by the evidence." *Goldstein v.
> Manhattan Indus., Inc.*, 758 F.2d 1435, 1448 (11th Cir. 1985) (reviewing
> jury award of compensatory damages under the ADEA and citing *Howell
> v. Marmpegaso Compania Naviera, S.A.*, 536 F.2d 1032, 1034-35 (5th
> Cir. 1976) and *Natco, Inc. v. Williams Bros. Eng'g Co.*, 489 F.2d 639,
> 641 (5th Cir. 1974)). The Eleventh Circuit has held that "[o]nce a
> defendant is found liable for the plaintiff's injury, the District Court has
> a great deal of discretion in deciding the level of damages to be
> awarded." *Ferrill v. Parker Group, Inc.*, 168 F.3d 468, 476 (11th Cir.
> 1999). "Where the jury's decision has been approved by the trial judge,
> [the appellate court] will not disturb the award except where [the] verdict
> is so gross as to be contrary to right reason or to be a clear abuse of

3

discretion." *Hatfield v. Anthony Forest Prods. Co.*, 642 F.2d 175, 178 (5th Cir. Unit A Apr. 1981), *cited with approval in, Agro Air Assocs., Inc. v. Houston Cas. Co.*, 128 F.3d 1452, 1455 n.5 (11th Cir. 1997).

(Doc. 140 at 8-9 (Plaintiff's Brief)) (footnote omitted).

## III.   ANALYSIS

### A.   <u>INSUFFICIENT EVIDENCE OF PRETEXT</u>

CVS argues that Mr. Harris did not present sufficient evidence to discredit all of CVS's reasons for his discharge and "incorporates ... by reference" in support of the pending motion its arguments and evidence in support of its Motion for Judgment as a Matter of Law. (Doc. 120 at 5). As to that argument, the court incorporates by reference its Memorandum Opinion and Order (doc. 146) denying CVS's Motion for Judgment as a Matter of Law. The jury's finding of liability (question 1 on the jury form) was not against the great weight of the evidence. *See Lipphardt v. Durango Steakhouse of Brandon, Inc.,* 267 F.3d 1183, 1187 (11th Cir. 2001).

Further, based on the testimony at trial, the court finds that the jury's finding of willfulness was not against the "great weight" of the evidence.

### B.   <u>IMPROPER EVIDENCE OF LOST WAGES</u>

CVS next argues that errors in the admission of evidence regarding Mr. Harris's lost wages would result in manifest injustice, absent a new trial. (Doc. 120 at 6-11). Alternatively, it argues that it is entitled to have compensatory damages remitted to

4

$600.00, based on such "improper" "evidence of lost back pay based on full time employment for periods when Plaintiff did not seek full time employment, and for periods that Plaintiff could not have worked at all." (Doc. 120 at 7). CVS argues that such evidence was not only improperly admitted, but that it resulted in manifest injustice in that: the plaintiff was "permitted to testify, in contradiction of his deposition testimony, about his efforts to seek employment that he admittedly concealed during his deposition." (*Id*.)

CVS argues:

Plaintiff testified that he had decided to retire on August 17, 2009, the day his employment with CVS ended (Doc. 34-1 at 29), and that he had not worked at all from the time his employment ended with CVS in August 2009 until his deposition in March 2012. (*Id*. at 30).

Plaintiff admitted in deposition that he took himself out of the job market after his employment with CVS ended. (*Id*.) He testified that "[a]fter being treated the way I was at CVS, I just said I cannot do that job again." (*Id*.) He further testified that his termination wiped him out mentally so that he could not see himself working again. (Doc. 34-3 at 11-12).

Plaintiff should not have been permitted to testify, in contradiction of his deposition testimony, about his efforts to seek employment that he admittedly concealed during his deposition:

Q. In the period between your discharge and your deposition, you testified that you had not made any efforts to find work, and that you had taken yourself out of the workforce. But you've explained that you really had made efforts, you just concealed them from Mr. Deering [counsel

5

for CVS]; is that right?

A. That is right.

(Harris Trial Testimony, p. 275, l. 15-20)

This concealment succeeded in preventing CVS from any discovery to confirm [or rebut] his supposed efforts to obtain employment....

(*Id*. at 8-9).

Although Mr. King, through counsel, argues that he "testified extensively about his <u>desire</u> to find other work" (doc. 140 at 11) (emphasis supplied), it is Mr. King's <u>efforts</u>, and not his <u>desire</u>, that he had to prove.

The court agrees that Mr. King admitted at trial that he concealed, during the discovery phase of this case, the "efforts" that he made to obtain full time employment after he was terminated and to which he testified at trial. The court notes that Mr. King is a pharmacist and highly educated. He did not appear confused at trial by the questions he was asked. Further, having observed the manner and tone in which Mr. King answered the questions posed during the trial to him about his job-seeking efforts, the undersigned is convinced that either Mr. King's concealment was purposeful (and thus he lied during his deposition) or alternatively that he lied at trial about his efforts. Further, the result was that the defendant was taken by surprise, despite defendant's diligent efforts during the discovery phase and through pre-trial

motions *in limine*. Under these circumstances, to allow the jury verdict awarding $400,000.00 in back pay to stand would be "manifestly unjust."

The court has adopted as persuasive the standard for granting a new trial based on false testimony as set forth in *Davis v. Jellico Comty. Hosp., Inc.*, 912 F.2d 129 (6th Cir.1990). "[A] new trial should be granted where the court is reasonably well satisfied that the testimony given by a material witness is false; that without it, a jury might have reached a different conclusion; that the party seeking a new trial was taken by surprise when the false testimony was given and was unable to meet it or did not know of its falsity until after trial." *Id*. at 133; *see also, Williams v. United Dairy Farmers*, 188 F.R.D. 266 (S.D.Oh.1999) (applying *Davis* standard to motion for new trial based on false testimony under Rule 59 in employment discrimination case); *Antevski v. Volkswagenwerk Aktiengesellschaft*, 4 F.3d 537, 540 (7th Cir.1993) (citing *Davis* for proposition that if the verdict is based on false testimony, district judge has the discretion to grant the injured party a new trial under Rule 59); *Traylor v. Pickering*, 324 F.2d 655 at 658 (5th Cir. 1963) (affirming district court denial of new trial as not an abuse of discretion where district judge concluded that a witness had <u>not</u> "willfully testified falsely to a material fact.").[3]

---

[3] The Eleventh Circuit held, in *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) that decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981, are binding in the Eleventh Circuit.

## III.    CONCLUSION

In summary, the undersigned finds: 1) that no clear judicial error or pernicious influence has been identified, but also that the verdict is so large as to shock the conscience of the court; and 2) that the amount of damages awarded was obtained through Mr. King's purposeful concealment and/or dishonesty regarding his efforts to mitigate his damages.[4]  Based upon these findings, the court hereby **DENIES** the Motion insofar as it seeks a complete new trial, and **GRANTS** the Motion and hereby **ORDERS** a new trial, limited to the issue of damages. Further, the court hereby **VACATES** its award of $800,000.00. In all other respects, the judgment stands.

In light of this order, the court finds that all remaining pending motions (docs. 111, 112, 113, 114, 117, and 118) are **DENIED** as moot and/or premature.

The court will, by separate order, set a final pretrial conference for the new trial on damages only.

**DONE** this the 1st day of May, 2014.

**VIRGINIA EMERSON HOPKINS**
United States District Judge

---

[4] It has not been argued that the concealment had any impact on the jury's findings of willful age discrimination.

8